**WESTVACO CORPORATION, d/b/a Westvaco Gauley Woodyard, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 80–1346.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 4, 1980.

Decided Jan. 27, 1981.

Thomas W. Budd, New York City (Clifton, Budd, Burke & DeMaria, New York City, on brief), for petitioner.

Richard A. Cohen, Washington, D. C. (William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Carol A. De Deo, Washington, D. C., on brief), for respondent.

Before BRYAN, Senior Circuit Judge, and WIDENER and MURNAGHAN, Circuit Judges.

MURNAGHAN, Circuit Judge:

Collective bargaining sessions took place between Westvaco Corp., as employer at the Company's Gauley Woodyard situated in the vicinity of Rupert, West Virginia, and the certified exclusive bargaining representative, the United Paperworkers International Union. Heavy equipment operators, woodsmen and truck operators constituted the bargaining unit.

Bargaining took place over an extended period beginning on August 29, 1977 and concluding in February or March, 1979. The certification election date was September 10, 1975, and certification occurred on March 2, 1976. The election had been close, having been decided by the resolution of one contested ballot. The employer had unsuccessfully asserted that the certification was improper and that it, consequently, was relieved from the obligation to bargain. We enforced the NLRB order directing that bargaining take place. *Westvaco Corp. v. NLRB*, 562 F.2d 50 (4th Cir. 1977) (decision without published opinion).

On April 4, 1978, the NLRB closed the file on the enforcement proceeding on the grounds that Westvaco had satisfactorily complied with the order. The closing was conditional, however, and subject to reopening if the present status of compliance should not continue. On April 5, 1978, the Union signified that it had no objection to the closing "as long as the present state of compliance continues," and stated that bargaining was in progress.

Negotiations terminated on receipt in or about March 1979 by the employer of a petition signed by a majority of the bargaining unit employees stating that they did not want the Union to represent them.

The Administrative Law Judge concluded that Westvaco had engaged in sham or surface bargaining rather than comply with its obligation to bargain in good faith. The NLRB agreed and affirmed an order requiring Westvaco to bargain collectively in good faith.

A search of the record and of the ALJ and NLRB opinions has led us to conclude that the evidence establishes that good faith, albeit hard-nosed bargaining was conducted by Westvaco. It took and stood firm on several positions as to which the ALJ would have preferred to have seen some relaxation. Good faith negotiation does not, however, compel a party to agree to a proposal or to make a concession. "Where two opposing negotiators steadfastly refuse to budge from their respective positions, it can hardly be inferred from this alone that either acted in bad faith." *NLRB v. Stevenson Brick and Block Co.*, 393 F.2d 234, 238 (4th Cir. 1968).

The ALJ, in short, indulged in suspicions and suppositions, yet had no substantial basis other than the fact of failure by the parties to reach agreement. Legitimate reasons existed for the positions of the employer, who was able to conclude negotiations with the same exclusive bargaining representative for other nearby units. The efforts of the ALJ to explain away the facts which compellingly supported Westvaco's case are simply contrived and unconvincing. The NLRB Order is not supported by substantial evidence.

Accordingly, we deny enforcement.

*ENFORCEMENT DENIED.*